UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARCIA C.,       Case No. 3:23-cv-257

    Plaintiff,      Newman, J.
v.      Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

    Defendants.

**REPORT AND RECOMMENDATION**

Plaintiff Marcia C. filed this Social Security appeal in order to challenge the Defendant's finding that he is not disabled. *See* 42 U.S.C. § 405(g). Proceeding through counsel, Plaintiff presents two claims of error, both of which the Defendant disputes. As explained below, the Administrative Law Judge (ALJ)'s finding of non-disability should be **AFFIRMED**, because it is supported by substantial evidence in the administrative record.

**I. Summary of Administrative Record**

On June 26, 2017, Plaintiff filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), alleging she became disabled on February 13, 2017, based upon a combination of physical and mental impairments. After a hearing, the ALJ issued an adverse decision, dated June 18, 2019, finding that Plaintiff was not under a disability as defined in the Social Security Act (Act). (Tr. 116-27). Plaintiff appealed the decision and, in May 2020, the Appeals Council remanded Plaintiff's case to the ALJ. (Tr. 135-39). After a second hearing, an ALJ issued a partially favorable decision dated November 19, 2020. (Tr. 145-61). Plaintiff appealed and the U.S. District Court for the Southern District of Ohio remanded Plaintiff's case based on a joint motion for remand. (Tr. 181-83).

A third hearing was held, by telephone, on April 18, 2023, wherein Plaintiff, represented by counsel, and a vocational expert (VE) testified. On June 22, 2023, the ALJ issued a partially favorable decision concluding that Plaintiff became disabled on November 12, 2020. (Tr. 4-25).

Plaintiff was born in 1970 and was 46 years old on her alleged onset date of disability. She completed high school and has past relevant work as a cable maker, production assembler, and fast food cook.

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease, degenerative joint disease of the left shoulder, carpal and cubital tunnel syndrome, knee arthritis, Raynaud's disease, Sjogren's syndrome, hypertension, obesity, depression, anxiety, substance use disorder." (Tr. 8). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. Despite these impairments, the ALJ determined that Plaintiff retains the RFC to perform sedentary work subject to the following limitations:

> No more than frequent use of the hands for handling and fingering. No more than occasional crouching, crawling, kneeling, stooping, climbing of ramps and stairs, or overhead reaching with the left upper extremity. No climbing of ladders, ropes, and scaffolds. No concentrated exposure to extreme cold. No work around hazards such as unprotected heights or dangerous machinery. The claimant is limited to performing simple, routine, and repetitive tasks. No more than occasional contact with supervisors and coworkers; no contact with the general public. No fast-paced work or jobs which involve strict production quotas. The claimant limited to work which involve very little, if any, change in the job duties or the work routine from one day to the next

(Tr. 12). Based upon her RFC and testimony from the vocational expert, the ALJ concluded that Plaintiff could not perform her prior work but could perform other jobs that

2

exist in significant numbers in the national economy, including weight tester, addresser, and lens inserter. (Tr. 21-22).

However, beginning on November 12, 2020, the date the Plaintiff's age category changed, considering the Plaintiff's age, education, work experience, and residual functional capacity, the ALJ determined that there were no jobs that exist in significant numbers in the national economy that the Plaintiff could perform. (Tr. 22). Accordingly, Plaintiff was not disabled prior to November 12, 2020, but became disabled on that date and has continued to be disabled through the date of the ALJ's decision. *Id*.

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by: (1) failing to properly address Plaintiff's mental impairments; and (2) failing to properly consider Plaintiff's hand limitations.

**I.     Analysis**

**A.  Judicial Standard of Review**

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant

3

evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); see also *Walters v. Comm'r of Soc. Sec.*, 127 F.3d

525, 528-29 (6th Cir. 1997) (explaining sequential process); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job. 42 U.S.C. § 423(d)(1)(A).

**B. The ALJ's Decision is supported by Substantial Evidence**

1. *Evaluation of Plaintiff's Mental Impairments*

Plaintiff argues that the ALJ erred in evaluating Plaintiff's mental impairments. Specifically, Plaintiff claims that the ALJ improperly played doctor by not relying on any medical opinion in formulating Plaintiff's mental RFC. Plaintiff's assertions are unavailing.

Here, in formulating Plaintiff's mental RFC, the ALJ found that the opinions of Michael Shaun Perciful, Psy.D and Stephanie Fitz, M.D. were not persuasive. (Doc. 17, 18). Namely, in March 2019, Dr. Fitz, a psychiatrist, completed a Mental Impairment Questionnaire after one treatment session with the Plaintiff wherein she opined that Plaintiff had marked levels of limitation in many work-related areas and would be off task 20% or more of the work-day due to her mental impairments. (Tr. 17-18). That same month, Dr. Perciful also completed a Mental Impairment Questionnaire wherein he opined that Plaintiff was markedly limited in some areas of work-related mental health functioning, including in the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. (Tr. 18, 1337). The ALJ

5

acknowledged that no residual mental functional capacity evaluation was conducted by state agency mental health consultants. (Tr. 17).

Because the ALJ's mental RFC did not rely on Dr. Periciful or Dr. Fitz's opinions and the record did not contain any opinions from state agency psychologists, Plaintiff argues that the ALJ improperly "played doctor" when assessing her mental RFC.

It is well established that the ALJ retains the duty to "weigh the evidence; to resolve material conflicts; to make independent findings of fact; and to determine the case accordingly." *Skinner v. Sec'y of Health & Hum. Servs.*, 902 F.2d 447, 448 (6th Cir. 1990). It is the limited role of this Court to determine whether there is substantial evidence in the record, taken as a whole, to support the findings. *Id*. Notably, "[a]n ALJ does not improperly assume the role of a medical expert by weighing the medical and non-medical evidence before rendering an RFC finding." *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x (6th Cir. 2010).

Moreover, the Sixth Circuit has explicitly rejected the argument that an RFC determination cannot be supported by substantial evidence unless it is consistent with a medical opinion. *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719,728 (6th Cir. 2013)); *see also Normile v. Kijakazi*, No. 3:20-CV-346-DCP, 2022 WL 619536, at *10 (E.D. Tenn. Mar. 2, 2022) (rejecting the plaintiff's suggestion "that the ALJ's RFC finding must be based on a specific medical opinion supporting the same conclusion" because "the Sixth Circuit has repeatedly upheld ALJ decisions where medical opinion testimony was rejected, and the ALJ determined the RFC based upon objective medical and non-medical evidence"). *See also Coldiron v. Comm'r*, 391 Fed. Appx. 435, 439 (6th Cir. 2010) (ALJ's determination that plaintiff could perform sedentary work, which rejected treating

6

and examining physicians' opinions that he could not, did not overstep ALJ's role and was substantially supported); accord *Clemow v. Comm'r,* Case No. 1:16-cv-994, 2018 WL 1083494 at *8 (S.D. Ohio Feb. 28, 2018) (discussing cases and holding that "[t]here is no legal requirement that each limitation in an RFC determined by a ALJ correspond to a specific medical opinion.").

Here, the ALJ's mental RFC included many of the limitations that were in Drs. Perciful's and Fitz's assessments and concluded that Plaintiff could perform simple, routine, and repetitive tasks with no fast-paced work or strict production quotas. (Tr. 12). The ALJ also placed restrictions on Plaintiff's ability to interact with others and concluded that she could occasionally interact with coworkers and supervisors but could have no contact with the general public. (Tr. 12). Furthermore, as noted by the Commissioner, Plaintiff fails to identify any functional limitations that required specific consideration and inclusion in the residual functional capacity. *See Watters v. Comm'r of Soc. Sec. Admin.*, 530 F. App'x 419, 425 (6th Cir. 2013); (it is Plaintiff's burden to produce "sufficient evidence to show the existence of a disability."). *See also* C.F.R. § 404.1512(a). Accordingly, the undersigned finds that the ALJ properly evaluated Plaintiff's mental impairments.

   2.  *Plaintiff's handling and fingering*

Plaintiff argues next that the ALJ's fingering and handling limitation included in the RFC is not supported by substantial evidence. More specifically, Plaintiff claims that the ALJ failed to articulate why he failed to incorporate any limitations for use of hands for handling and fingering. Plaintiff's contention is unavailing.

7

With respect to Plaintiff's hand and wrist difficulties, the ALJ determined that Plaintiff could perform sedentary work that involved no more than frequent use of the hands for handling and fingering. (Tr. 12). Plaintiff argues that the ALJ should have restricted her to occasional handling and fingering, which would have precluded her from working. Specifically, Plaintiff states that the ALJ found that she would have trouble using her hands, including difficulty writing due to finger numbness caused by her carpal and cubital tunnel syndromes, and is unable to open jars with her left hand, although she is able to use her right hand to compensate for these difficulties. (Tr. 15). Plaintiff further argues that Dr. Sandhir's opinion supports the need for further handling limitations because he indicated that Plaintiff was "markedly limited" in handling.

First, with respect to Plaintiff's assertion that the ALJ found she would have trouble using her hands and finger due to numbness, that is a mischaracterization of the ALJ's decision. Notably, Plaintiff failed to note that the ALJ was summarizing Plaintiff's testimony at the April 2023 hearing and thus such statements were not findings but Plaintiff's subjective complaints. (Tr. 14-15). As detailed below, the ALJ found that Plaintiff's subjective complaints were not supported by the objective evidence of record. See *Meade v. Comm'r of Soc. Sec.*, No. 3:20-CV-121, 2021 WL 5630732, at *3 (S.D. Ohio Dec. 1, 2021) (The Court will not usurp the ALJ's finding that Plaintiff's subjective complaints do not align with objective medical evidence. (Internal citations omitted).

Next, the ALJ found Dr. Sandhir's opinion only partially persuasive. (Tr. 16). Notably, Dr. Sandhir, Plaintiff's primary care physician completed a Medical Assessment of Ability to do Work-Related Activities (Physical) and a Basic Medical form in February and March 2019, respectively. (Tr. 1335, 1336). As noted above Dr. Sandhir found that

8

Plaintiff was markedly limited in handling. (Tr. 1336). Dr. Sandhir also found that Plaintiff is only able to sit for a total of four hours in an eight-hour workday and can frequently lift only five pounds. Dr. Sandhir also found that Plaintiff had the ability to stand and walk for up to four hours during the workday and had the ability to lift up to between fifteen and twenty pounds on an occasional basis. Interestingly, in the Assessment, Dr. Sandhir specifically stated that the claimant is able to perform sedentary work. (Tr. 1333).

The ALJ also noted that Dr. Sandhir did not provide a narrative explanation for some of the extreme recommendations. The ALJ also noted that in the absence of significant nerve root compression or other neurological deficits and given the relatively conservative treatment measures undertaken other than the nerve block attempts and a few medication injections, Dr. Sandhir's recommendations were inconsistent with the treatment record as a whole. As such, the undersigned finds that the ALJ properly evaluated Dr. Sandhir's opinion. See 20 C.F.R. § 416.920c(1)-(5)

As noted by the Commissioner, the state agency physicians, based on the evidence of record, concluded that Plaintiff could perform a range of light work and did not identify any manipulative limitations. (Tr. 69, 79, 93- 94, 106-07). The ALJ considered their opinions but found that additional evidence provided at the administrative level supported a reduced exertional level and manipulative limitations. (Tr. 17). In this regard the ALJ stated ["i]n deference to the claimant's subjective complaints that are consistent with the record, however, the undersigned finds it more appropriate to restrict the claimant to sedentary work, and to impose the additional reaching and manipulative limitations noted above." Id.

9

Thus, contrary to the Plaintiff's assertions, the ALJ did articulate his reasons for the handling and fingering restrictions included in the RFC. He found that Dr. Sandhir's extreme limitations were not supported by the record and he also found that the state agency's physicians finding of no manipulative limitations did not accommodate Plaintiff's subjective complaints that were consistent with the record and therefore imposed additional limitations.

Upon careful review, the undersigned finds that substantial evidence supports the ALJ's handling and fingering restrictions. The ALJ's RFC assessment was based upon the record as a whole and properly considered Plaintiff's subjective reports, the diagnostic evidence, and the findings on examination. Accordingly, the ALJ's findings are supported by substantial evidence and should not be disturbed.

### III. Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT** Defendant's decision is **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and should be **AFFIRMED,** and that this case is **CLOSED**.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| MARCIA C. | Case No. 3:23-cv-257 |
| Plaintiff, | Newman, J. |
| v. | Bowman, M.J. |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).